WILLIAM V. CONKLIN ET AL., PROSECUTOR, v. MAYOR AND COUNCIL OF THE CITY OF LINDEN AND JOSEPH SHUR AND LOUIS OKUN, TRADING AS SHUR & OKUN, DEFENDANTS.

Argued April term, 1929—Decided May 6, 1929.

For the rule, *William L. Edwards.*

*Contra, Sigurd A. Emerson.*

The opinion of the court was delivered by

BODINE, J. The prosecutor Conklin is engaged in the heating and ventilating business. The city of Linden has undertaken the erection of a new city hall. Pursuant to advertisement, bids were received by the mayor and common council. Bidders were invited to procure copies of the plans and specifications and to submit their bids upon a form to be procured from the architect in charge. Mr. Conklin's bid for the work called for under group No. 4 was $21,931, and for the alternate No. 1 for heating during construction, eight hours, $20; sixteen hours, $36; twenty-four hours, $48. The bid of Shur & Okun, the successful bidder, was $22,750 for the work under group No. 4, with the alternate bid for heating during construction, eight hours, $16; sixteen hours, $32; twenty-four hours, $48.

The mayor and common council, under the advice of the architect, and the proofs show the advice reasonable, awarded the alternate bid for heating for sixteen hours a day. About six months heating will be required. Shur & Okun's bid was low, so the contract was awarded to them pursuant to chapter 137 of the laws of 1925.

The proposals for the work required the bidders to submit with their bids the name and size of the oil burner which they proposed to use. Conklin did not do this. This circumstance is probably sufficient to deny him any relief here. See *Case* v. *Trenton,* 76 *N. J. L.* 696.

However, the prosecutor contends that there is some irregularity in the adoption of the plans and specifications. The plans and specifications were prepared a number of years ago by a former architect and were paid for by the city. The project was abandoned, and on January 28th of this year an ordinance was passed undertaking the work and employing the present architect, who made some changes in the plans and specifications. However, the plans and specifications as finally evolved by the present architect were furnished to the prosecutor and all other bidders so that they were all bidding for the same thing. Neither the contractor, Conklin, nor the other prosecutor as taxpayers suffered any special injury by reason of a change of plans and specifications by the present architect since all bidders were bidding on precisely the same thing. See *Atlantic Gas and Water Co.* v. *Atlantic City,* 73 *N. J. L.* 360.

The proposal for alternate bid No. 1, which is the basis for the contention that Conklin was the low bidder rather than Shur & Okun, reads as follows: "The heating contractor shall state in his estimate the sum he will charge per day for furnishing labor to operate the boiler during such period as temporary heat may be required. The sum stated shall cover all costs in connection with the temporary heat, except the cost of fuel which will be furnished by the owner." It is difficult to understand how, in view of this mandatory provision requiring a bid for furnishing heat during construction a contention can be maintained that Conklin was low since Shur & Okun's bid to furnish the heat was $4 less per day, and heat for sixteen hours per day for at least six months is required.

The rule will be dismissed.